**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

TAMARA JENSEN,

        Plaintiff,

vs.

WHEATON FRANCISCAN SERVICES
LONG TERM DISABILITY PLAN and
LIFE INSURANCE COMPANY OF
NORTH AMERICA,

        Defendants.

14-CV-2003-LRR

**ORDER**

_____

**TABLE OF CONTENTS**

*I.*    ***INTRODUCTION.*** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*II.*    ***PROCEDURAL HISTORY..*** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III.*   ***SUBJECT MATTER JURISDICTION.*** . . . . . . . . . . . . . . . . . . . . . . *2*

*IV.*   ***STANDARD OF REVIEW.*** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

*V.*    ***FACTUAL BACKGROUND.*** . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

    *A.*    *Parties..* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
    *B.*    *Overview of the Dispute.* . . . . . . . . . . . . . . . . . . . . . . . . . *4*
        *1.*    *Onset of gastroparesis.* . . . . . . . . . . . . . . . . . . . . . *4*
        *2.*    *The Wheaton Plan.* . . . . . . . . . . . . . . . . . . . . . . . *4*
        *3.*    *Initial approval and Denial..* . . . . . . . . . . . . . . . . . *5*
        *4.*    *First Appeal Denial..* . . . . . . . . . . . . . . . . . . . . . *6*
        *5.*    *Second Appeal Denial.* . . . . . . . . . . . . . . . . . . . . *6*
        *6.*    *Claim for relief and damages.* . . . . . . . . . . . . . . . . *7*

*VI.*   ***ANALYSIS.*** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*

    *A.*    *Parties' Arguments.* . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*
    *B.*    *Applicable Law.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*
    *C.*    *Application..* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *11*

*VII.*  ***CONCLUSION.*** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *15*

## I. INTRODUCTION

The matter before the court is Defendants Wheaton Franciscan Services Long Term Disability Plan ("Wheaton Plan") and Life Insurance Company of North America's ("LINA") (collectively, "Defendants") "Motion to Dismiss Count Two of the Complaint" ("Motion") (docket no. 11), pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. PROCEDURAL HISTORY

On January 10, 2014, Plaintiff Tamara Jensen filed a two-count Complaint (docket no. 2). In Count One of the Complaint, Jensen claims that she is entitled to long term benefits under the Wheaton Plan pursuant to Employee Retirement Income Security Act ("ERISA") section 502(a)(1)(B), codified at 29 U.S.C. § 1132(a)(1)(B), and ERISA section 502(a)(3), codified at 29 U.S.C. § 1132(a)(3).[1] In Count Two of the Complaint, Jensen claims that LINA breached its fiduciary duty with respect to the Wheaton Plan and that she is entitled to equitable remedies pursuant to § 1132(a)(3). On March 10, 2014, Defendants filed the Motion. On March 19, 2014, Jensen filed a Resistance (docket no. 13). On March 26, 2014, Defendants filed a Reply (docket no. 14). Defendants request oral argument but the court finds that oral argument is unnecessary. The Motion is fully submitted and ready for decision.

## III. SUBJECT MATTER JURISDICTION

The court has federal question jurisdiction over Jensen's claims in Counts One and Two of the Complaint. *See* 29 U.S.C. § 1132(e)(1) ("[T]he district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by . . . a participant . . . ."). The court also has federal question jurisdiction over both claims

---

[1] At certain places in the Complaint, Plaintiff cites to 29 U.S.C. § 502(a)(1)(B) and 29 U.S.C. § 502(a)(3), grouping the public law section number with the United States Code title. *See* Complaint ¶¶ 31-33. However, the Plaintiff most often cites the applicable public law sections and United States Code sections correctly, and the court finds no prejudicial error in Plaintiff's mistakes.

2

because they arise under federal law. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

## IV. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim for relief on the basis of "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord B & B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 387 (8th Cir. 2009). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Bell Atl.*, 550 U.S. at 556).

Although a plaintiff need not provide "detailed" facts in support of his or her allegations, the "short and plain statement" requirement of Federal Rule of Civil Procedure 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atl.*, 550 U.S. at 555) (internal quotation marks omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary [under Rule 8(a)(2)]."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl.*, 550 U.S. at 555). "Where the allegations show on the face of the complaint [that] there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing

3

*Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)). For example, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

## V. FACTUAL BACKGROUND

The facts, as set forth in the Complaint, are as follows:

### A. Parties

Plaintiff Jensen is a citizen of the State of Iowa who resided in Black Hawk County during all times relevant to this matter. At sometime before or during 2011, Jensen became an employee at Wheaton Franciscan Services, Inc. ("Wheaton") as a Certified Respiratory Therapist and thereby a participant in the Wheaton Plan—Wheaton's "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(7).

Defendant LINA is a subsidiary of CIGNA Corporation that sells and administers insurance products throughout the United States. LINA is the underwriter of the Wheaton Plan, performs administrative reviews of claims under the Wheaton Plan, including Jensen's claim, and is the plan administrator or fiduciary of the Wheaton Plan.

### B. Overview of the Dispute

#### 1. Onset of gastroparesis

In late 2011, Jensen began experiencing severe gastrointestinal symptoms and took leave from work on December 16, 2011. In January 2012, Jensen was diagnosed with gastroparesis, a gastrointestinal condition that causes chronic nausea, vomiting and abdominal pain. Jensen was hospitalized multiple times in late 2011 and early 2012 for gastroparesis symptoms.

#### 2. The Wheaton Plan

Jensen attempted to return to her job at Wheaton as a Certified Respiratory Therapist, but she was unable to do so because of her gastroparesis symptoms and her need to manage her condition. Jensen then applied for long term disability coverage through

the Wheaton Plan, which grants benefits to an individual if he or she becomes "disabled," as defined by the Wheaton Plan. The Wheaton Plan states:

> The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
>
> 1) unable to perform the material duties of his or her Regular Occupation. . . . ; and
>
> 2) unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
>
> After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
>
> 1) unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training, or experience, and
>
> 2) unable to earn 60% or more of his or her [I]ndexed Earnings.

Complaint ¶ 12 (first alteration in original).

Jensen alleges that she was and continues to be "disabled," as defined by the Wheaton Plan because, solely due to her gastroparesis, she is unable to perform the material duties of a Certified Respiratory Therapist and is unable to earn 60% of her Indexed Earnings from working as a Certified Respiratory Therapist.

### *3. Initial approval and Denial*

On April 19, 2012, LINA initially approved Jensen's long term disability claim through May 19, 2012. However, despite Jensen's inability to return to work on account of her gastroparesis, LINA denied all of Jensen's requests for benefits extending beyond May 19, 2012.

5

On June 14, 2012, LINA wrote a letter ("Denial") to Jensen that stated that her disability had ended on May 19, 2012, despite citing medical records from Jensen's treating physician that held Jensen out of work for four weeks after May 18, 2012. The Denial requested additional information from Jensen's treating physician, including information regarding why Jensen was unable to return to work.

### 4. First Appeal Denial

In response to the Denial, Jensen provided LINA with additional information. In July 2012, LINA reviewed numerous medical records that it had not reviewed prior to the Denial. On August 27, 2012, Jensen also sent LINA a letter from her treating physician dated July 24, 2012, which stated:

> I would like to stress out [Jensen] will never be able to go back to her previous job as respiratory therapist just because of [the] stress this job is brin[g]ing to her life. This is why part of my treatment plan was to advise her to find [a] completely different job, not so stressful.

*Id*. ¶ 17. On October 17, 2012, LINA acknowledged that it would treat the additional information that Jensen provided as an appeal of the Denial. On February 22, 2013, LINA sent Jensen a letter denying her appeal ("First Appeal Denial"). In the First Appeal Denial, LINA stated that its board-certified gastroenterologist had found that Jensen's "diagnos[is] of gastroparesis was not supported by any imaging studies, such as a gastric emptying study that would support this diagnosis." *Id*. ¶ 19. Jensen contends that the medical records available to LINA clearly showed that her diagnosis was supported by two gastric emptying studies and that the First Appeal Denial had other misstatements of fact.

### 5. Second Appeal Denial

On August 20, 2013, Jensen appealed LINA's decision for the second time. In this appeal, Jensen provided a thorough medical history, identified the gastric emptying studies that supported her diagnosis and provided an occupational report showing the required job skills Jensen was unable to perform due to her alleged disability. On October 31, 2013,

6

Jensen provided additional information upon LINA's request, which included letters from both of her treating physicians that indicated that her gastroparesis condition likely precluded her from returning to her past job as a respiratory therapist in the future. On December 10, 2013, LINA denied Jensen's second appeal ("Second Appeal Denial").

### 6. *Claim for relief and damages*

Jensen alleges that LINA's denial of benefits was contrary to the evidence of record, unreasonable, incorrect, improper and not supported by substantial evidence. Jensen also argues that LINA's denial of benefits was arbitrary, capricious and in bad faith, which constitutes a breach of its fiduciary duty. Jensen asserts that she has been disabled, as defined in the Wheaton Plan, since she originally filed a long term disability claim, and that she continues to be disabled and entitled to benefits.

Jensen claims that she is entitled to the following: (1) a declaration that she has been disabled within the meaning of the Wheaton Plan since December 16, 2011; (2) disability income benefits in an amount equal to the contractual amount of benefits to which she is entitled; (3) prejudgment interest on all benefits that accrued prior to the date of judgment; (4) a determination that she is entitled to receive benefits so long as she continues to meet the definition of disabled in the Wheaton Plan; (5) a determination that Defendants breached their duties, responsibilities and obligations imposed on them by ERISA, including their obligations as a fiduciary of the Wheaton Plan; (6) an order disgorging of all profits accrued by LINA as a result of its wrongful denial of benefits; (7) attorneys' fees and other costs incurred in bringing this action; and (8) other equitable relief that the court deems just and proper. *See id.* ¶ 40.

From the face of the Complaint, it is not clear under which subsection—29 U.S.C. § 1132(a)(1)(B) [hereinafter § 1132(a)(1)(B)] or 29 U.S.C. § 1132(a)(3) [hereinafter § 1132(a)(3)]—Jensen seeks each form of relief. However, in the Resistance, Jensen states that her "requests for relief can be broken into two categories: (1) legal relief pursuant to

7

§ 1132(a)(1)(B)," which includes numbered requests (1), (2), (4) and (7); "and (2) equitable relief pursuant to § 1132(a)(3)," which includes numbered requests (3), (5), (6) and (8). Resistance at 2-3.

## VI. ANALYSIS

### A. *Parties' Arguments*

In the Motion, Defendants request that the court dismiss Count Two of the Complaint, which alleges, pursuant to § 1132(a)(3), that LINA breached its fiduciary duty with respect to the Wheaton Plan. Defendants argue that the relief requested in Count Two of the Complaint is duplicative of the relief requested in Count One of the Complaint, which alleges that Defendants wrongfully denied Jensen long term disability benefits pursuant to § 1132(a)(1)(B) and, therefore, Count Two fails to state a claim upon which relief may be granted. Defendants argue that Jensen's request for damages pursuant to § 1132(a)(1)(B), which allows Jensen to obtain all the relief she requests, precludes her from pursuing equitable remedies pursuant to § 1132(a)(3). Specifically, with respect to Jensen's request for prejudgment interest and disgorgement of profits pursuant to § 1132(a)(3), Defendants argue that a recovery of prejudgment interest and disgorgement of profits is "routinely awarded to prevent unjust enrichment in conjunction with benefits under [§] 1132(a)(1)(B)." Brief in Support of Motion (docket no. 11-2) at 5. In addition, Defendants argue that Jensen's "ability to recover benefits under [§] 1132(a)(1)(B), and to receive prejudgment interest with those benefits, prevents her from bringing any equitable claims under [§] 1132(a)(3)." *Id.*

In the Resistance, Jensen argues that she is entitled to both legal and equitable relief. Jensen contends that, due to Defendants' breach of their contractual obligations under the Wheaton Plan, she is entitled to "legal relief pursuant to § 1132(a)(1)(B), including a declaration that [she] is eligible for benefits under the [Wheaton Plan] and an award of the benefits to which [s]he is entitled and other relief provided by the statute." Resistance at

8

2 (citing claims for relief (1), (2), (4) and (7)). Jensen also asserts that, "as a result of LINA's breach of its duties as a plan fiduciary," she is entitled to "equitable relief pursuant to § 1132(a)(3), including prejudgment interest on unpaid benefits and any other appropriate equitable relief." *Id.* at 2-3 (citing claims for relief (3), (5), (6) and (8)). Jensen contends that "[i]t is clear that this [equitable] relief is [available] in addition to the legal relief afforded by § 1132(a)(1)(B), and is supported by additional facts not required for legal relief under that section," and that "both legal and equitable remedies are necessary to fully compensate [her] for the wrongful denial of benefits and LINA's continued retention of funds that should have been paid to [her] pursuant to the [Wheaton Plan's] language." *Id.* at 2.

In the Reply, Defendants assert that Jensen conceded in the Resistance that the only remedy she seeks pursuant to Count Two is prejudgment interest. Accordingly, Defendants argue that since "prejudgment interest is available on damages awards in federal courts" pursuant to 28 U.S.C. § 1961, and Jensen "may recover prejudgment interest through her § 1132(a)(1)(B) claim in Count One, she is precluded from seeking the same relief through a breach of fiduciary duty claim under § 1132(a)(3) of ERISA." Reply at 2. Defendants also contend that "[c]ourts around the country, including the Eighth Circuit, routinely dismiss claims under § 1132(a)(3) seeking only prejudgment interest where, as here, a plaintiff also has a claim under § 1132(a)(1)(B)." *Id.* at 2-3.

### *B. Applicable Law*

"ERISA, codified at 29 U.S.C. §§ 1001-1461 . . . , 'is a comprehensive statute that sets certain uniform standards and requirements for employee benefit plans.'" *Wilson v. Zoellner*, 114 F.3d 713, 715 (8th Cir. 1997) (quoting *Ark. Blue Cross & Blue Shield v. St. Mary's Hosp., Inc.*, 947 F.2d 1341, 1343 n.1 (8th Cir. 1991)). "ERISA's civil enforcement provisions, set forth in 29 U.S.C. § 1132(a), provide the exclusive remedy for participants . . . seeking to enforce their rights under an ERISA plan." *Slice v. Sons*

9

*of Norway*, 34 F.3d 630, 631-32 (8th Cir. 1994) (footnote omitted). Section 1132(a) provides, in pertinent part:

> (a) Persons empowered to bring a civil action
>
> A civil action may be brought—
>
> > (1) by a participant or beneficiary—
> >
> > . . . .
> >
> > > (B) to recover benefits due to him under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
> >
> > . . . .
> >
> > (3) by a participant . . . (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a).

"[O]ther appropriate equitable relief" pursuant to § 1132(a)(3)(B) "refer[s] to 'those categories of relief that were *typically* available in equity.'" *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002) (quoting *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993)). The disgorgement of profits "is a remedy 'typically available in equity' and therefore permissible after *Knudson*" pursuant to § 1132(a)(3)(B). *Parke v. First Reliance Standard Life Ins. Co.*, 368 F.3d 999, 1009 (8th Cir. 2004). "In the particular context of withheld benefits under ERISA, . . . [prejudgment] interest is an appropriate measure of the profits made by a defendant who breaches its fiduciary duty to a beneficiary." *Id.* ("A defendant . . . 'gains' from the wrongful withholding of the

plaintiff's benefits even if the plaintiff does not prove specific financial profit. In particular, the defendant receives a benefit from having control of the money . . . . Interest is, in many respects, the only way to account for this gain and therefore is an appropriate measure of the extent to which [a defendant] was unjustly enriched [by wrongfully withholding a plaintiff's benefits]."); *see also Kerr v. Charles F. Vatterott & Co.*, 184 F.3d 938, 945 (8th Cir. 1999) ("Prejudgment interest awards are permitted under ERISA where necessary to afford the plaintiff 'other appropriate equitable relief' under [§] 1132(a)(3)(B)."). The purpose of awarding prejudgment interest—or disgorgement of profits—"is to prevent [a defendant] from profiting by its breach of fiduciary duty and not to compensate [a plaintiff] for the delay in payment." *Parke*, 368 F.3d at 1009.

If a plaintiff "is provided adequate relief by [his or] her right to bring a claim for benefits under . . . § 1132(a)(1)(B), . . . and [he or] she seeks no different relief [in his or her claim pursuant to § 1132(a)(3)(B)], equitable relief would not be appropriate in [his or] her case." *Wald v. Sw. Bell Corp. Customcare Med. Plan*, 83 F.3d 1002, 1006 (8th Cir. 1996); *see also Conley v. Pitney Bowes*, 176 F.3d 1044, 1047 (8th Cir. 1999) ("[The Eighth Circuit] ha[s] held that where a plaintiff is 'provided adequate relief by [the] right to bring a claim for benefits under . . . § 1132(a)(1)(B),' the plaintiff does not have a cause of action to seek the same remedy under § 1132(a)(3)(B)." (third alteration and omission in original) (quoting *Wald*, 83 F.3d at 1006)).

### *C. Application*

In the instant case, Jensen brings a § 1132(a)(1)(B) claim for the benefits that Defendants allegedly wrongfully denied her and also a § 1132(a)(3) claim for disgorgement of profits and prejudgment interest, among other things, on account of LINA's alleged breach of its fiduciary duty. Defendants argue that since Jensen may recover prejudgment interest as a matter of course pursuant to 28 U.S.C. § 1961 if she recovers money damages

pursuant to her § 1132(a)(1)(B) claim, Jensen's claim for prejudgment interest pursuant to § 1132(a)(3) is duplicative and should be dismissed.

Eighth Circuit law is clear that a claim for disgorgement of profits, which is calculated by determining the prejudgment interest of a claim, is a claim for "appropriate equitable relief" pursuant to § 1132(a)(3). *See Parke*, 368 F.3d at 1009. In *Parke*, the plaintiff and the defendant initially disputed whether the plaintiff was entitled to benefits, but the defendant eventually reinstated the plaintiff's benefits. *Id.* at 1003. Still, "[t]he reinstatement of benefits did not completely resolve the dispute" because the plaintiff "asserted that she was entitled to interest and attorney's fees in connection with her efforts to have her benefits resumed." *Id.* The Eighth Circuit concluded "that an award of interest on wrongfully delayed benefits [is] permissible under § 1132(a)(3)(B)." *Id.* at 1009. However, in *Parke*, the plaintiff only sought relief under § 1132(a)(3)(B) because the defendant retroactively reinstated her benefits, which is unlike the instant case because Jensen asserts a claim for damages pursuant to § 1132(a)(1)(B) in addition to her claim for equitable remedies, which includes requests for disgorgement of profits and prejudgment interest. Therefore, if Jensen only sought equitable relief, it is clear that she could recover disgorgement of profits—or prejudgment interest—pursuant to § 1132(a)(3)(B). *See id.* However, that does not necessarily mean that Jensen is foreclosed from recovering prejudgment interest under § 1132(a)(1)(B).

Defendants' reliance on 28 U.S.C. § 1961(a) is misplaced. 28 U.S.C. § 1961(a) states, in pertinent part, that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court . . . [and] [s]uch interest shall be calculated *from the date of the entry of judgment*." 28 U.S.C. § 1961 (emphasis added). Section 1961 refers to postjudgment interest, which is mandatory if a federal appellate court affirms a money judgment in a civil case. *See Travelers Prop. Cas. Ins. Co. of Am. v. Nat'l Union Ins. Co. of Pittsburgh, Pa.*, 735 F.3d 993, 1007-08 (8th Cir. 2013). In contrast, "[t]he question

of whether [prejudgment] interest is to be allowed . . . is a question of federal law where the cause of action arises from a federal statute." *Dependahl v. Falstaff Brewing Corp.*, 653 F.2d 1208, 1218 (8th Cir. 1981). Although "ERISA does not expressly provide for prejudgment interest," awards for prejudgment interest "are permitted under 29 U.S.C. § 1132(a)(3)(B)" at the court's discretion. *See Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1330 (8th Cir. 1995); *see also Parke*, 368 F.3d at 1008-1009 (equating a request for disgorgement of profits to a request for prejudgment interest and concluding that "an award of interest on wrongfully delayed benefits remains permissible under § 1132(a)(3)(B)").

Although an award for prejudgment interest is permitted pursuant to § 1132(a)(3)(B) at the court's discretion, *see Nichols v. Unicare Life & Health Ins. Co.*, 739 F.3d 1176, 1184 (8th Cir. 2014) (upholding an award of prejudgment interest that the district court granted pursuant to § 1132(a)(3)(B)); *Seitz v. Metro. Life Ins. Co.*, 433 F.3d 647, 650, 652 (8th Cir. 2006) ("[P]rejudgment interest is appropriate as equitable relief under . . . § 1132(a)(3)(B)."); *Parke*, 368 F.3d at 1008-09; *Mansker*, 54 F.3d at 1330, it is unclear whether an award of prejudgment interest is permitted pursuant to § 1132(a)(1)(B) in the Eighth Circuit.

Other circuit courts of appeals, including the Third Circuit Court of Appeals and the Eleventh Circuit Court of Appeals, have addressed this issue. In *Skretvedt v. E.I. Dupont De Nemours*, 372 F.3d 193 (3d Cir. 2004), the Third Circuit concluded that "an ERISA plaintiff who prevails under [§ 1132(a)(1)(B)] in seeking an award of benefits may request prejudgment interest under that section as part of his or her benefits award." *Id.* at 208. Similarly, the Eleventh Circuit has suggested in dicta that "the prospect of an ERISA claimant litigating and recovering an award of benefits that are due and unpaid under [§ 1132(a)(1)(B)] and receiving, as part of that benefits award, interest on those benefits from the time they were due" is not precluded by Eleventh Circuit law. *Green*

*v. Holland*, 480 F.3d 1216, 1223 n.4 (11th Cir. 2007); *see also Cheal v. Life Ins. Co. of N. Am.*, 330 F. Supp. 2d 1347, 1356 (N.D. Ga. 2004) (concluding that in the event that the plaintiff "ultimately recover[s] benefits then he may be entitled to prejudgment interest on those benefits . . . [and, therefore,] all the relief [the plaintiff] seeks is available to him under [§ 1132(a)(1)(B)]. Therefore, [the plaintiff] is precluded from stating an alternative basis for relief under § [1132(a)(3)].").

The court, however, is not aware of any Eighth Circuit case that has affirmed an award of disgorgement of profits or prejudgment interest pursuant to § 1132(a)(1)(B), nor is it aware of any district court case from within the Eighth Circuit in which a court has awarded disgorgement of profits or prejudgment interest pursuant to § 1132(a)(1)(B). In fact, this case is similar to another Eighth Circuit case in which the Eighth Circuit reversed and remanded the district court's order granting the defendant summary judgment and concluded that the plaintiff was entitled to the recovery of the disability benefits that had been denied to him pursuant to § 1132(a)(1)(B). *See Seitz*, 433 F.3d at 650, 652. The court also concluded that "the benefits were wrongfully delayed, and, thus, prejudgment interest is appropriate as equitable relief under . . . § 1132(a)(3)(B)." *Id.*

It is true that if a plaintiff "is provided adequate relief by [his or] her right to bring a claim for benefits under . . . § 1132(a)(1)(B), . . . and [he or] she seeks no different relief [in her claim under [§ 1132(a)(3)(B)], equitable relief would not be appropriate in [his or] her case." *Wald*, 83 F.3d at 1006. However, Eighth Circuit law does not give a definitive answer as to whether a court may award damages for disgorgement of profits, which represents the prejudgment interest to which a plaintiff may be entitled, pursuant to § 1132(a)(1)(B). In sum, it is uncertain whether Jensen is "provided adequate relief by her right to bring a claim for benefits under . . . § 1132(a)(1)(B)," *id.*, because the Eighth Circuit has not squarely addressed whether a plaintiff may recover prejudgment interest

14

in the form of a disgorgement of LINA's profits pursuant to § 1132(a)(1)(B). Consequently, the court finds that it is not appropriate to dismiss Count Two.

## VII. CONCLUSION

In light of the foregoing, Defendants Wheaton Franciscan Services Long Term Disability Plan and Life Insurance Company of North America's Motion to Dismiss (docket no. 11) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 29th day of April, 2014.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA